| | | | |
|---|---|---|---|
| | AUSA: David Portelli | Telephone: (313) 226-9711 | |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Emily Zebracki | Telephone: (313) 226-5310 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Charanjit Singh DHALIWAL

Case No.  Case: 2:24−mj−30243
Assigned To : Unassigned
Assign. Date : 6/27/2024
USA V. DHALIWAL (CMP)(CMC)

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 26, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841(a)(1), (b)(1)(A) | Possession with intent to distribute more than one kilogram of a mixture or substance containing a detectable amount of heroin |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Emily Zebracki
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: June 27, 2024

_Judge's signature_

City and state: Detroit, MI

Kimberly G. Altman, US. Magistrate Court Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Emily Zebracki, having been duly sworn, do hereby state and depose as follows:

## INTRODUCTION

1. This affidavit is in support of a criminal complaint charging Charanjit Singh DHALIWAL with possession with intent to distribute heroin, a schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

2. I am currently a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") in Detroit, Michigan. I have been employed as a Special Agent since May of 2022. My formal education includes a Bachelor of Science Degree in Criminal Justice from Wayne State University. Prior to becoming a Special Agent with HSI, I was employed as a Police Officer with the Rapid City Police Department in Rapid City, South Dakota for 4 years. I have received specialized training about illegal drug trafficking and money laundering at the Federal Law Enforcement Training Center located in Brunswick, Georgia. I have led and participated in numerous investigations related to illegal drug trafficking as well as methods used to finance drug transactions and launder drug proceeds.

3. I make this affidavit based on my participation in this investigation, as well as information received from other law enforcement officials and/or their reports and records. The information outlined herein is provided for the limited purpose of establishing probable cause and does not contain all information known to law enforcement pertaining to this investigation.

4. As set forth in more detail below, this investigation has shown that on or about June 26, 2024, Charanjit Singh DHALIWAL attempted to exit the United States to Canada via the Detroit Ambassador Bridge, located in the Eastern District of Michigan. There is probable cause to conclude DHALIWAL possessed with an intent to distribute heroin in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## PROBABLE CAUSE

5. On June 26, 2024, the Detroit Contraband Enforcement Team (DCET) was conducting outbound enforcement operations at the Detroit Ambassador Bridge. At approximately 5:30 PM, DCET Customs and Border Protection Officers (CBPO) made contact with the driver of a commercial tractor (Ontario PA28328) and trailer (Ontario Y5935X). The driver of the tractor trailer was later identified as Charanjit Singh DHALIWAL. DHALIWAL is not a citizen of the United States; he has a Canadian

passport. DCET CBPO Dockweiler asked DHALIWAL where he was coming from and what he was hauling and DHALIWAL stated he was hauling Propylene (insulation pellets) from Indianapolis, Indiana. CBPO Dockweiler obtained a negative declaration from DHALIWAL for any guns, ammunition, military equipment, or currency over $10,000. CBPO Dockweiler referred the semi-truck over for further inspection.

6. CBPO Shimmin asked DHALIWAL if he had any alcohol, tobacco, guns, drugs, or cash and DHALIWAL stated he did not. CBPO Shimmin instructed DHALIWAL to place his cell phone and passport on the dashboard and step out of the cab and open the hood.

7. CBPO Dockweiler searched the cab of the truck and under the bottom bunk discovered three (3) duffle bags containing bricks/bundles, wrapped consistent with narcotics. The area where the duffle bags were located could only be accessed by lifting up the lid to the under-bunk storage compartment, or by pulling a lever from inside the trunk by the passenger door which opens a door on the outside of the cab on the passenger side.

8. The three (3) duffle bags and their contents were removed from the under-bunk compartment of the cab. The individually wrapped bundles were weighed with a total weight of 30.5 kilograms. Narcotics field testing was conducted on three (3) of the individually wrapped bundles (one from

each duffle bag) utilizing a Gemini device. All three (3) tested bundles contained an off-white powder which returned positive for heroin.

9. At Approximately 8:40 PM, HSI Special Agents (SAs) interviewed DHALIWAL. DHALIWAL was advised of his Miranda statement of rights and signed a waiver of rights form agreeing to continue to speak with SAs. DHALIWAL stated that he was born in India but resides in Canada.

10. DHALIWAL stated that he has worked for his current company, Trans 99 Logistics, since 2021. DHALIWAL said he did not know the company's owner, the name of any supervisor, nor did he know any other employees of the company. DHALIWAL stated he always drives his work truck alone and no one else drives or has keys to the vehicle.

11. DHALIWAL stated on June 25, 2024, at approximately 4:30 PM, he drove to his company's truck yard located in Guelph, Ontario, parked his personal vehicle, and retrieved his tractor trailer from the yard already loaded and drove to the designated delivery location in Edinburgh, Indiana. Law enforcement records confirm DHALIWAL entered the United States on June 25, 2024, at approximately 9:20 PM. DHALIWAL said he only made one stop for gas off Exit 18 on Interstate 75 in Michigan shortly

after entering the United States, and one stop off Interstate 70 in Ohio for a few minutes to relieve himself on the side of the road.

12. DHALIWAL said on June 26, 2024, at around 2:00 AM, he arrived at the delivery location in Edinburgh, Indiana, where he slept inside the cab of the truck until the warehouse opened at 9:00 AM. DHALIWAL stated he remained in his truck at the Edinburgh warehouse while the truck was unloaded, and shortly after the unlading was completed he received details for a new pick-up at a warehouse located in Indianapolis, Indiana. DHALIWAL said he drove straight to the warehouse in Indianapolis from the warehouse in Edinburgh, arriving between 10:30 AM and 11:00 AM. DHALIWAL stated he ate lunch sitting on the bunk of the cab while his truck was re-loaded (30-40 minutes), then he drove straight from the Indianapolis warehouse to the Ambassador Bridge, making no stops and meeting with no one else on the way.

13. DHALIWAL said he stores truck maintenance items and tools in the compartments under the cab, and he last entered the passenger side of the compartment about two weeks ago. DHALIWAL denied knowledge of any controlled substances in the tractor trailer.

14. Based on my training and experience, the volume of controlled substances and the manner in which they were being transported from the

United States to Canada is indicative of a broader drug trafficking effort that is involved in the further distribution of the controlled substances.

## **CONCLUSION**

15. Based on my experience, drug trafficking organizations transport several kilograms of controlled substances in a coordinated manner. Individuals involved in the transportation of large quantities of narcotics are known by and reimbursed monetarily by the organization. Further, based on my training and experience, the quantity of heroin seized is for distribution (i.e., not personal use). Based on the above, probable cause exists to show that Charanjit Singh DHALIWAL possessed with the intent to distribute more than one kilogram of a mixture or substance containing a detectable amount of heroin in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

_____
Emily Zebracki
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
or by reliable electronic means.

_____        DATE: June 27, 2024
Honorable Kimberly G. Altman
United States Magistrate Judge